CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 01 2014

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| KENNETH MCGRIFF, ) | Civil Action No. 7:14-cv-00214 | |
| Petitioner, ) | | |
| ) | | |
| v. ) | MEMORANDUM OPINION | |
| ) | | |
| CHRISTOPHER ZYCH, ) | By: Hon. James C. Turk | |
| Respondent. ) | Senior United States District Judge | |

Kenneth McGriff, a federal inmate proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Petitioner alleges that the Disciplinary Hearing Officer ("DHO") at the United States Penitentiary in Lee County, Virginia ("USP Lee"), erroneously convicted him of a disciplinary infraction and sentenced him to the loss of ninety days' visitation privileges. Petitioner concludes that the erroneous disciplinary conviction and sentence violated due process. This matter is before the court for preliminary review, pursuant to Rules 1(b) and 4 of the Rules Governing § 2254 Cases. After reviewing Petitioner's submissions, the court dismisses the petition without prejudice because Petitioner's claim does not sound in habeas relief.

Section 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005); see In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (noting exception pursuant to 28 U.S.C. § 2255(e)). The court must "focus[] on the need to ensure that . . . prisoners use only habeas corpus . . . remedies when they seek to invalidate the duration of their confinement—either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the . . .

custody." Wilkinson v. Dotson, 544 U.S. 74, 81 (2005); see, e.g., Preiser v. Rodriguez, 411 U.S. 475, 499-500 (1973). Even if Petitioner's claim about the disciplinary conviction was successful, granting relief and rescinding the ninety-day denial of visitation privileges would not alter the fact or duration of Petitioner's life sentence. Accordingly, Petitioner fails to establish an entitlement to habeas relief via § 2241, and the court dismisses the petition without prejudice.[1]

ENTER: This ___ day of May, 2014.

Senior United States District Judge

---

[1] The court declines to construe Petitioner's claims as arising under Bivens v. Six Unknown Named Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), because Petitioner did not name a proper defendant and cannot rely on labels and conclusions to state a claim upon which relief may be granted. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (holding that a plaintiff's basis for relief requires more than labels and conclusions); Monell v. Dep't of Soc. Servs., 436 U.S. 658, 663 n.7 (1978) (recognizing respondeat superior is not a basis for liability in a civil rights action); see also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).